IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN CICUR, III, et al., § | |
| § | |
| PLAINTIFFS, § | |
| § | |
| VS. § | Civil Action No. _____ |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| DEFENDANT § | |

## COMPLAINT

Petitioners, JOHN CICUR, III, JOHN CICUR, IV, ADOLPH L. SMALLFIELD & VIRGINIA M. SMALLFIELD FAMILY TRUST, WILFREDO AMAYA, AMERICAN LEASE MANAGEMENT COMPANY, INC. A/K/A ALMC, INC, ANOMAR INVESTMENTS, INC. (SUCCESSOR BY MERGER WITH STRUCTURE INVESTMENTS, INC.). EARL BANCHEK, GERARD BARRIOS, BRADLEY BERNDT, ZEPHYR INVESTMENT CO., L.L.C. (SUCCESSOR IN INTEREST TO ALFRED BETTIS), C. RICHARD BOBBITT, JR., DONALD BOYD, CHARLES BROWN, TIM S. BROWN, JOE BYERS, RONALD CAMERON, ROBERT MARK CHRIS, BRYAN DECKER, DELBERT DODSON (N/K/A THE ESTATE OF DELBERT DODSON), STEVE DODSON, JAMES DOUGLAS, ROBERT DUNHAM, BOB ELLIOTT, DON EBERTS, DANIEL & RUTH FREUND, FREDRICK GAMEL, JOSEPH GRAY, ALAN GREGORY, HMI INVESTMENT CO., LLLP, DENNIS F. HOLT, DENISE JACOBS, L.D. JENNINGS, FRED JENSEN, JOEL KALLAN, JOEL KALLAN M.D.P.A., RICHARD KEUSS, THOMAS LAYMAN, LEWIS LEIS, BERKLEY LEWIS, R.L. & J.E. LEONARD FAMILY TRUST, LINKLETTER OIL & GAS, LLC, MACKBY PARTNERS, GARY MAGGERT, ROBERT G. MENNIS, DANIEL MUHE, SILAS NATUS, BOYDIE PATE, VONDE PIERSON, PRIMA CAPITAL, INC., STEVE PREWITT, ROBERT MENNIS SEP IRA, CHARLES ROTH, JOHN SCHROEDER, DAVID SCHULTZ, RALPH SIMONZI, JIM SNYDER, FRANK STARK, JACK THREADGILL, RONALD &

LOIS TOW, MICHAEL TRAUD, WILLIAM & PATRICIA VON EBERSTEIN, TIM WESLEY, JOHN WILLIAMS, WOODBURY COMPANY, MITCHELL & SUZANNE ZEIGER, AND MITCHELL ZEIGER SEP (collectively referred to as "Cicur Petitioners"), bring this action and would show the Court the following:

## NATURE OF THE CASE

1.     This is a civil action for wrongful levy pursuant to section 7426(a)(1) of the Internal Revenue Code of 1986, 26 U.S.C (the "Code").

## PARTIES

2.     Cicur Petitioners are:

a.     JOHN CICUR, III, JOHN CICUR, IV, L. D. JENNINGS, DELBERT DODSON (N/K/A THE ESTATE OF DELBERT DODSON), STEVE DODSON, DON EBERTS, JOHN WILLIAMS, BERKLEY R. LEWIS, BOYDIE PATE, ROBERT CHRIS, CHARLES BROWN, JOHN SCHROEDER, STEVE PREWITT, JOE L. BYERS, JACK M. THREADGILL, JIM SNYDER, TIM S. BROWN, and FRED JENSEN are Texas Residents. MACKBY PARTNERS is a Texas partnership. ZEPHYR INVESTMENT CO., L.L.C. (SUCCESSOR IN INTEREST TO ALFRED BETTIS) is a Texas Limited Liability Company.

b.     RONALD CAMERON, MICHAEL TRAUD, DANIEL MUHE, LEWIS LEIS, VONDE PIERSON and DONALD BOYD are California residents. WOODBURY COMPANY, ADOLPH L. SMALLFIELD & VIRGINIA M. SMALLFIELD FAMILY TRUST and R.L. & J.E. LEONARD FAMILY TRUST are California entities. PRIMA CAPITAL, INC. is a Delaware corporation with its principal place of business in California. LINKLETTER OIL & GAS, L.L.C. ("LOG") is a California limited liability corporation with its offices in California.

2

c. WILFREDO AMAYA, BOB ELLIOTT, CHARLES ROTH, MITCHELL AND SUZANNE ZEIGER, WILLIAM AND PATRICIA VON EBERSTEIN, JOEL P. KALLAN, GERARD BARRIOS, ROBERT MENNIS, AND BOB ELLIOT are Florida residents. MITCHELL ZEIGER SEP, JOEL P. KALLAN M.D.P.A., AND ROBERT MENNIS SEP IRA are Florida entities.

d. DAVID SCHULTZ is a resident of Pennsylvania. AMERICAN LEASE MANAGEMENT COMPANY, INC. *a/k/a* ALMC, Inc. is a Pennsylvania corporation.

e. EARL BANCHEK, BRADLEY BERNDT and C. RICHARD BOBBITT, JR. are residents of North Carolina.

f. BRYAN DECKER and FREDRICK GAMEL are residents of Colorado.

g. JAMES DOUGLAS is a resident of New Jersey.

h. ROBERT DUNHAM and RUTH & DANIEL FREUND are residents of Illinois.

i. JOE GRAY is a resident of Indiana.

j. ALAN GREGORY is a resident of Montana.

k. DENISE JACOBS is a resident of South Carolina.

l. RICHARD KEUSS and GARY MAGGERT are residents of Missouri.

m. THOMAS LAYMAN is a resident of Virginia.

n. SILAS NATUS and RONALD & LOIS TOW are residents of Minnesota.

o. RALPH SIMONZI and FRANK STARK are residents of Washington State.

p. TIM WESLEY is a resident of Kentucky. ANOMAR INVESTMENTS, INC. (SUCCESSOR BY MERGER WITH STRUCTURE INVESTMENTS, INC.) is a Kentucky corporation.

      q.    HMI Investment Co., LLLP, is a limited liability, limited partnership organized under the State of Arkansas. The tax out of which the levy in question arose was not levied against the Cicur Petitioners.

3.    The Defendant is the United States of America. All action or inaction by the Defendant relating to the subject matter of this action has been in full or in part through the Defendant's agents and employees in the Internal Revenue Service (the "Service"). Defendant is a department of the United States Government and may be served with process by serving the local United States Attorney's Office, 919 Milam St. #1500, Tax Division, Houston, Texas 77002; the Attorney General of the United States, Tax Division, Department of Justice, Tenth & Constitution Ave. N.W. Room 4400, Washington DC 20530; the District Counsel for the Internal Revenue Service, 300 E. 8th Street, Suite 801, Austin Texas 78701; the local IRS Office: 1919 Smith St., Houston, TX 77002; and the Secretary of the Treasury: 1500 Pennsylvania Ave. N.W., Washington, D.C. 20220.

## JURISDICTION AND VENUE

4.    The Court has jurisdiction over the subject matter of this action for wrongful levy pursuant to section 7426(a) of the Code and 28 U.S.C. § 1346(e).

5.    Venue is proper in this District and Division pursuant to 28 U.S.C. § 1402(c), because the property was situated in this District and Division at the time of the levy.

## CAUSE OF ACTION

### Background

6.    The Cicur Plaintiffs own undisputed record title in certain oil and gas properties located in Jim Hogg and Zapata Counties, Texas. The oil and gas properties in question are

commonly known as the Rancho Blanco Wells Nos. 2, 4 and 5. Aspen Exploration, Inc. ("Aspen"), the taxpayer in question, was the operator of the Rancho Blanco Wells.

7. Cicur Plaintiffs' interests and Aspen's operations of the Rancho Blanco wells are governed by the terms of the Joint Operating Agreement ("JOA"). *See* Joint Operating Agreement dated June 30, 1994 covering the Randado Ranch Area attached as <u>Exhibit 1</u>. Pursuant to the terms of the JOA, Aspen, as the Operator, was required to operate the Rancho Blanco wells as a "reasonable prudent operator, in a good and workmanlike manner, with due diligence and dispatch, in accordance with good oilfield practice, and in compliance with applicable laws and regulations." *See* JOA at <u>Exhibit 1</u> at p. 4, Art. V.A. Because of their interests, the Cicur Plaintiffs constitute Non-Operators. *See* JOA at <u>Exhibit 1</u> at p. 1.

8. Aspen, a successor in interest to the Fina Oil and Chemical Company named as the original operator in the JOA, has represented itself as the Operator of the Rancho Blanco wells with the right to market and sell all of the gas produced from the Rancho Blanco wells except for those amounts related to the land owner's royalty and the amount owned by Zachry Exploration. *Compare* Purchase Agreement at Art. 1.1 attached as <u>Exhibit 2</u> *with* Hesco Gathering Company Remittance Statement attached as <u>Exhibit 3</u>; *see also* Railroad Commission Production Report naming Aspen as operator attached as <u>Exhibit 4</u>. Hesco Gathering Company LLC ("Hesco") is the purchaser of the natural gas produced by the Rancho Blanco wells. *See* Purchase Agreement at <u>Exhibit 2</u>.

9. Under the terms of the JOA, Aspen had the right to purchase and/or sell any oil and gas produced from the Rancho Blanco wells for the account of any party that had not elected to take in kind. *See* JOA at <u>Exhibit 1</u> at p. 8, Art. VI.C. In other words, Aspen had the right to

market and sell the gas for the Cicur Plaintiffs, but Aspen had no ownership interest in such production or the proceeds therefrom.

10. The Cicur Plaintiffs' are individuals/entities owning undisputed record title to working interests, carried working interest and overriding royalty interests in the Rancho Blanco wells. These interests are evidenced by the assignments recorded with the real property records of Jim Hogg and Zapata County, Texas as follows:

- Rancho Blanco #2 Assignments recorded March 30, 2004; May 11, 2007; May 11, 2007; and May 23, 2008 (collectively the "Rancho Blanco #2 Assignments"). *See* Rancho Blanco #2 Assignments attached here at Exhibit 5 and incorporated by reference.

- Rancho Blanco #4 Assignments recorded July 19, 2004; March 16, 2005; and May 11, 2007 (collectively the "Rancho Blanco #4 Assignments"). *See* Rancho Blanco #4 Assignments and related title documents attached here at Exhibit 6 and incorporated by reference.

- Rancho Blanco #5 Assignments recorded November 10, 2005 and May 11, 2007 (collectively the "Rancho Blanco #5 Assignments"). *See* Rancho Blanco #5 Assignments attached here at Exhibit 7 and incorporated by reference.

- Rancho Blanco Future Well Assignments, which encompass the Rancho Blanco #2, 4 and 5 wells, recorded December 13, 2002 (collectively the "Rancho Blanco Future Well Assignments"). *See* Rancho Blanco multiple Well Assignments and related title documents attached here at Exhibit 8 and incorporated by reference.

**Wrongful Levy**

11. The Cicur Plaintiffs are the undisputed owners of the interests described in the Rancho Blanco Wells and the proceeds of production from those wells. Aspen had no ownership interest in the proceeds of production related interests of the Cicur Plaintiffs'. Hesco purchased the Cicur Plaintiffs' natural gas and related hydrocarbon liquids along and held that production for the account of Plaintiffs.

12. Based on claims against Aspen, unrelated to the Cicur Plaintiffs' title or ownership interests, Hesco began withholding the proceeds of production for the Rancho Blanco Wells beginning with February 2008 production. The funds held by Hesco included funds that belonged to the Cicur Plaintiffs and proceeds allegedly belonging to Aspen.

13. Hesco continued to hold all proceeds of production when the IRS notified Hesco that Notices of Federal Tax Levy were filed on April 9, 2008, April 30, 2008 and August 26, 2008 against Aspen. *See* Notices of Levy attached here at <u>Exhibit 9</u>. The Cicur Plaintiffs made the IRS aware of their interest in the proceeds of production held by Hesco by telephoning the revenue officer involved in the levies, Melvin Schwartz, and sending Mr. Schwartz documents which evidence the Cicur Plaintiffs' ownership interests with respect to the Rancho Blanco wells. Specifically, on April 28, 2008, Mr. Schwartz was informed that the Cicur Plaintiffs "are owners of a portion of the gas and the proceeds from the sale of the gas from these wells." Mr. Schwartz was also provided a copy of a lawsuit filed by the Cicur Plaintiffs in April of 2008 against both Aspen and Hesco which the Cicur Plaintiffs filed to enforce their rights. Further correspondence and evidence was sent to Mr. Schwartz throughout April and May of 2008. *See* April and May 2008 correspondence attached here at <u>Exhibit 10</u>.

14. Despite this evidence that a portion of the funds held by Hesco belonged to the Cicur Plaintiffs, on November 3, 2008, the IRS served Hesco with its Final Demand for Payment. *See* Final Notice attached here at <u>Exhibit 11</u>. On November 6, 2008, Hesco, without regard to the rights of the Cicur Plaintiffs, paid all of the withheld proceeds of production from the Rancho Blanco Wells, including the funds belonging to the Cicur Plaintiffs, to the IRS.

15. On January 8, 2009, the Cicur Peitioners filed an Administrative Wrongful Levy Claim with the IRS pursuant to Internal Revenue Code Section 6343(b) in conjunction with the

requirements of Publication 4528. *See* Administrative Wrongful Levy Claim attached at <u>Exhibit 12</u>.

16. The IRS denied such claim on March 15, 2009. *See* Correspondence from the IRS dated March 15, 2008 attached at <u>Exhibit 13</u>.

17. The IRS wrongfully levied on the Cicur Plaintiffs' production proceeds held by Hesco to apply funds against federal taxes apparently owed by Aspen. Plaintiffs are entitled to the return of the wrongfully levied funds from the proceeds of production, because the Cicur Plaintiffs' are the rightful owners of the funds and as such their claims are senior to any claim to such funds by the IRS. By reason of the wrongful levy, the Defendant is indebted to the Plaintiffs in the amount of $274,971.90, plus interest thereon according to law.

18. This civil action for wrongful levy is timely, pursuant to Internal Revenue Code Section 6532(c) of the Code, because it was commenced within six months from the date of the notice of disallowance of the administrative claim.

19. Plaintiffs are entitled to judgment for the amount levied from Hesco related to their respective interests in the Rancho Blanco Wells, plus interest, under section 7426 of the Code because Plaintiffs' interests in the proceeds of production held by Hesco are senior to the interest of the Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment in favor of Plaintiffs against the Defendant in the amount of $274,971.90, plus interest thereon according to law; for court costs and witness fees; and for such other and further relief, general or special, at law or in equity, as to which the Plaintiffs by this pleading or proper amendment show themselves justly entitled.

Respectfully submitted,

**HARRISON, BETTIS, STAFF,
  McFARLAND & WEEMS, L.L.P**


By:  /s/ D. Mitchell McFarland
      D. Mitchell McFarland
      State Bar No. 13597700
      Kerry R. McEniry
      State Bar No. 24041440
      Wedge International Tower
      1415 Louisiana, 37th Floor
      Houston, Texas   77002
      Telephone No.:  (713) 843-7900
      Facsimile No. :  (713) 843-7901
      mitchell.mcfarland@hbs-law.com

***ATTORNEYS FOR CICUR PETITIONERS***


**OF COUNSEL:**

**PORTER & HEDGES, L.L.P.**
Eugene M. Nettles
State Bar No. 14927300
1000 Main Street, 36th Floor
Houston, Texas  77002
Telephone No.:  (713) 226-6000
Facsimile No. :  (713) 228-1331